IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DORINE W., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-21-1411 |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On June 7, 2021, Dorine W. ("Plaintiff" or "Claimant") petitioned this Court to review the

Social Security Administration's ("SSA") final decision to deny her claims for Disability

Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title

XVI of the Social Security Act ("the Act"). ECF No. 1. Plaintiff and Defendant filed cross-motions

for summary judgment (ECF Nos. 19, 24) on January 18, 2022 and May 5, 2022, respectively.[1]

Plaintiff further responded in opposition to Defendant's Motion on May 25, 2022. ECF No. 25.

After considering the parties' motions and the response thereto, the Court finds that no hearing is

necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for

Summary Judgment (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF

No. 24) is GRANTED, and the SSA's decision is AFFIRMED.

---

[1] On May 31, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite
for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. ECF No. 6.

1

## PROCEDURAL HISTORY

On November 1, 2018, Plaintiff filed a Title II application for DIB. ECF No. 16-3 at 21.
On November 7, 2018, she then filed a Title XVI application for SSI. *Id.* In both applications,
Plaintiff alleged disability since March 17, 2003. *Id.* The alleged onset date was later amended to
November 7, 2018. *Id.* Her claims were denied initially on March 1, 2019, and upon
reconsideration on October 25, 2019. *Id.* Subsequently, Plaintiff requested a hearing, and on
October 6, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On November
23, 2020, the ALJ rendered a decision that Plaintiff was not disabled under the Act. *Id.* at 37.
Plaintiff then requested a review of the ALJ's decision, which the Appeals Council denied on April
2, 2021. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§
404.981, 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On June 7, 2021, Plaintiff then
filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability
applications. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v.
Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review
of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by
substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635,
638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a
reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of
nondisability is supported by substantial evidence and based upon current legal standards. *Brown
v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which
a reasonable mind might accept as adequate to support a conclusion. It consists of more than a

2

mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB or SSI, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d

3

632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20

C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734

F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is

other work that the claimant can do, given her age, education, work experience, and RFC, and (2)

that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can

perform other work that exists in significant numbers in the national economy, she is not disabled.

If the claimant cannot perform other work, she is disabled.

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not

engaged in substantial gainful activity since the amended alleged onset date of November 7, 2018.

ECF No. 16-3 at 25. At step two, the ALJ found that Plaintiff had severe impairments of cervical

spine disorder, dysfunction major joints—right shoulder, osteoarthritis (right arm/hand, right

foot—plantar fasciitis), depression, and post-traumatic stress disorder ("PTSD"). *Id.* At step three,

the ALJ determined that Plaintiff did not have an impairment or combination of impairments that

met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt.

P, App. 1. *Id.* The ALJ then determined that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except she is able to
> stand/walk up to 4 hours in an 8-hour workday and is able to sit up to 6 hours in an
> 8-hour workday. She is occasionally able to climb ramps or stairs; Never able to
> climb ladders, ropes or scaffolds; Frequently able to balance, stoop or crouch; and
> Occasionally able to kneel or crawl. She is limited to occasional use of the right
> upper extremity for overhead reaching; Limited to frequent use of either upper
> extremity for fine fingering or grasping/handling of small objects; Limited to
> frequent use of the right upper extremity for reaching in any other direction; and
> Limited to frequent use of either lower extremity for pushing/pulling or operation
> of foot controls. She must avoid concentrated exposure to vibration and avoid work
> at unprotected heights. She is able to understand and remember simple, routine
> instructions and carry out repetitive tasks; Able to make simple, work-related
> decisions; Able to deal with minor, or few, changes in a routine work setting; and
> Able to have occasional interaction with co-workers and/or the general public.

*Id.* at 27–28. At step four, the ALJ found that Plaintiff had no past relevant work. *Id.* at 35. And

finally, at step five, the ALJ found that there were "jobs that exist in significant numbers in the

national economy that [Plaintiff] can perform," given her age, education, work experience, and

RFC. *Id.* Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in [the

Act]." *Id.* at 36.

**DISCUSSION**

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by

substantial evidence because he failed to weigh the opinion evidence of Plaintiff's "treating

Counselor," Laura Gershen, LCSW-C, "in accordance with the prevailing rules and regulations."

ECF No 19-1 at 10–15. Specifically, Plaintiff contends that the ALJ erred in concluding that Ms.

Gershen's opinion had limited persuasive value based on the fact that it was "supported by minimal

explanation and primarily checked boxes." *Id.* at 12–13. She further asserts that the ALJ failed to

explain his statements that "there [were] . . . possible vocational issues with qualifications such as

'may become,'" and that "there [was] no opinion offered regarding the vocational limitation in a

setting with limited interaction." *Id.* at 14. In response, Defendant asserts that the ALJ properly

found Ms. Gershen's opinion had limited persuasive value in light of its lack of support,

inconsistency with Plaintiff's treatment records, vagueness, and age. ECF No. 24-1 at 5. I find that

Plaintiff's argument lacks merit.

For claims filed on or after March 27, 2017, 20 C.F.R. § 416.920c(a) states that the ALJ

"will not defer or give any specific evidentiary weight, including controlling weight, to any

medical opinion(s) . . . , including those from [Plaintiff's] medical sources." However, the ALJ

will state how persuasive he finds the medical opinions in the record, considering both

supportability—the extent to which the medical source's opinion is supported by objective medical

7

evidence and supporting explanations—and consistency—the extent to which the medical source's

opinion is consistent with evidence from other medical sources. 20 C.F.R. §§ 416.920c(b)(2), (c).

Supportability and consistency are the "most important factors" the ALJ considers when

evaluating the persuasiveness of medical opinions. *Id.* § 416.920c(a). Relevant here, the use of a

check-box form with limited explanation may affect the supportability of a medical source's

opinion. "While the lack of any explanation for a conclusion on a medical form is not inherently

fatal, in cases, like this one, where support for the [medical source's] conclusions is not readily

evident from the medical record, the lack of explanation on a 'check-box' form certainly affects

its supportability." *Frank S. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-18-1796, 2019 WL

1118071, at *2 (D.Md. Mar. 11, 2019). The ALJ also considers other factors, including the medical

source's relationship with Plaintiff—the length, purpose, and extent of the treatment relationship,

the frequency of examinations, and the examining relationship; the specialty of the medical source;

and "other factors that tend to support or contradict a medical opinion." 20 C.F.R. § 416.920c(c).

The ALJ "may, but [is] not required to, explain how [he] considered" these additional factors,

except where there are "two or more medical opinions or prior administrative medical findings

about the same issue [that] are both equally well-supported . . . and consistent," but not exactly the

same. *Id.* § 416.920c(b).

In this case, the ALJ identified Ms. Gershen's assessment and concluded:

This has limited persuasive value. It is supported by minimal explanations and consists primarily of checked boxes. There are also possible vocational issues with qualifications such as "may become." However, even the most significant limitations are checked in interactions but there is no opinion offered regarding the vocational limitation in a setting with limited interaction. Furthermore, this opinion was completed two years ago and prior to the amended alleged onset date (AAOD), which decreased the probative value regarding current vocational ability. The opinion is partially consistent with the record in finding that the claimant has mainly mild to moderate limitations. However, the claimant's limited treatment and even more limited abnormal objective findings do not support any more than moderate

8

limitations in any area of mental functioning, as discussed above (See B17F,
B20F/13-22). This is more consistent with the state's psychological consultants, the
prior ALJ findings, and the psychological consultative examiner.

ECF No. 16-3 at 34. The ALJ's opinion thus did address the supportability and consistency of Ms.

Gershen's opinion as is required by 20 C.F.R. § 416.920c(b)(2).

With respect to supportability, the ALJ noted that Ms. Gershen's opinion was "supported

by minimal explanations and consist[ed] primarily of checked boxes." *Id.* Ms. Gershen checked

boxes to detail Plaintiff's limitations in a mental capacity assessment, but then provided only

minimal explanation within the assessment. For example, Ms. Gershen identified marked,

moderate, mild, and no limitations with respect to Plaintiff's ability to adapt or manage herself.

ECF No. 16-8 at 617. When the form asked for "medical/clinical findings that support this

assessment," Ms. Gershen simply offered that Plaintiff "may become confused with changes." *Id.*

This minimal detail does little to explain why these varying degrees of limitations are warranted.

Yet, these supporting explanations are key factors in assessing the supportability of Ms. Gershen's

opinion. *See* 20 C.F.R. § 416.920c(c)(1). Moreover, as the ALJ notes, the assessment is unclear to

the extent that it relies on qualifiers such as "may become." Plaintiff asserts that the ALJ's critique

is a misunderstanding of the nature of mental illness and how it "may wax and wane over the

course of treatment." ECF No. 19-1 at 14 (quoting *Testamark v. Berryhill*, 736 F.App'x 395, 398–

99 (4th Cir. 2018)). However, the issue is instead one of clarity and understanding: Ms. Gershen's

explanations were at times unclear and difficult to interpret, and therefore impacted the ALJ's

ability to assess the impact on Plaintiff's vocational abilities. *See e.g.*, ECF No. 16-8 at 616–18

(explaining that Plaintiff "may become confused").

Plaintiff asserts that the ALJ's concern for checked boxes is an error, because "it is

improper to discredit the opinion of a treating source because their opinion is given in a check-box

format." ECF No. 19-1 at 14. Notably, as discussed *supra*, the ALJ did not accord Ms. Gershen's opinion limited weight solely because it was in check-box format, but instead because it lacked detailed explanation and support. And further, as this Court has previously explained, "where support for the [medical source's] conclusions is not readily evident . . . , the lack of explanation on a 'check-box' form certainly affects its supportability." *See Frank S.*, 2019 WL 1118071, at *2. The assessment here lacked explanation or reference to prior treatment records to support her conclusion. That lack of information "certainly affects its supportability." *Id.*

Turning then to the factor of consistency—the extent to which Ms. Gershen's opinion is consistent with evidence from other medical sources, the ALJ explained that Ms. Gershen's opinion is "partially consistent with the record" in finding Plaintiff had mild to moderate limitations, but her "limited treatment and even more limited abnormal objective findings do not support any more than moderate limitations in any area of mental functioning." ECF No. 16-3 at 34. The ALJ compared Ms. Gershen's opinion with his earlier discussion of Plaintiff's cooperation at the hearing, as well as at her examinations. *Id.* He explained that, based on the evidence, Plaintiff's limitations were "more consistent" with the opinions of "the state's psychological consultants, the prior ALJ findings, and the psychological consultative examiner." *Id.*

Plaintiff asserts that the ALJ should have considered her treatment records with Ms. Gershen as support for Ms. Gershen's assessment. However, Ms. Gershen does not refer to such treatment records in her assessment. Moreover, the ALJ considered both Ms. Gershen's treatment notes and other opinions, citing to *inter alia* Plaintiff's medical records from Ms. Gershen's place of employment. *Id.* The ALJ also addressed evidence in the record (including other assessments) with respect to Plaintiff's history of mental impairments and explained why this evidence supported a mild or moderate limitation in the different areas of functioning. *Id.* at 31–34. *See*

*Keene v. Berryhill*, 732 F.App'x 174, 177 (4th Cir. 2018) ("We must read the ALJ's decision as a whole."). The ALJ explained that because these records showed "limited abnormal objective findings" that revealed no more than a moderate limitation in any area of mental functioning, Ms. Gershen's opinion was only partially consistent with other evidence in the record. ECF No. 16-3 at 34. Even if Plaintiff disagrees with the ALJ's conclusion, the Court's role on appeal is merely to determine whether there is substantial evidence to support the ALJ's conclusion, not to reweigh the evidence. *See Hancock*, 667 F.3d at 472.

According to 20 C.F.R. § 416.920c(b)(2), the ALJ needed to consider Ms. Gershen's opinion in light of the listed factors and to articulate his assessment of supportability and consistency. The ALJ here did just that. Accordingly, substantial evidence supports the ALJ's conclusion to afford Ms. Gershen's opinion "limited persuasive value," and remand is not warranted.

### CONCLUSION

The Court thus concludes that the ALJ provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 24) is GRANTED, and the decision of the SSA is AFFIRMED.

Date: 6 June 2022

A. David Copperthite
United States Magistrate Judge

11